**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

_____
                                    :
DINO RAMBHAROSE,                    :
                                    :   Civil Action No. 11-2941 (WJM)
          Petitioner,               :
                                    :
     v.                             :        **O P I N I O N**
                                    :
ERIC H. HOLDER, et al.,             :
                                    :
          Respondents.              :
_____:

**APPEARANCES:**

Dino Rambharose, <u>Pro Se</u>          Hans Harris Chen
Essex County Correctional Facility   U.S. Dept. of Justice
J200102949                           P.O. Box 868
354 Doremus Avenue                   Ben Franklin Station
Newark, NJ 07105                     Washington, DC 20044
                                     Attorney for Respondents

**MARTINI**, District Judge

On May 20, 2011, Dino Rambharose, a native of Trinidad and Tobago, filed this petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his continued detention. After carefully considering the submissions of the parties, and based upon the following, this Court finds that the petition must be denied.

## BACKGROUND

Petitioner is a lawful permanent resident of the United States. In 1997, he was convicted in New York state of attempted criminal possession of cocaine. Based on that 1997 conviction,

in May of 2010, an Immigration Judge ("IJ") ordered the Bureau of Immigration and Customs Enforcement ("ICE") to remove Petitioner to Trinidad and Tobago.  On October 5, 2010, the Board of Immigration Appeals ("BIA") dismissed Petitioner's appeal of the removal order, rendering Petitioner's removal order final.

The record reveals that on November 29, 2010, ICE agents attempted to execute the removal order by escorting Petitioner to a plane bound for Trinidad.  After boarding, Petitioner refused to take his seat.  A shoving match ensued, and the airline captain ordered that Petitioner be taken off the plane prior to take off due to his disruptive behavior.  Almost three months later, on February 15, 2011, ICE again attempted to remove Petitioner.  This time, Petitioner violently resisted the ICE officers' attempts to remove him from the detention facility, and at the airport, the airline refused to allow Petitioner to board because it could not provide empty seats around him to ensure the safety of others, should Petitioner become disruptive on the plane.  (Exhibits E, F, G to Answer).

On May 20, 2011, Petitioner filed this petition.  He argues that his continued detention, without a bond hearing, is unlawful under Zadvydas v. Davis, 533 U.S. 678 (2001) and violates his substantive and procedural due process rights.  On August 18, 2011, Respondents filed an answer and the record of the case. Respondents point out that Petitioner is no longer in ICE custody

because, due to Petitioner's behavior, the government filed criminal charges against him for failing to cooperate with his removal, in violation of 8 U.S.C. § 1253(a)(I)(C).  See United States v. Rambharose, 11-cr-455 (SRC).  Therefore, since the July 6, 2011 order of commitment in that case, the Marshals' Service has been detaining Petitioner, not ICE.  Respondents ask that this Court find the petition moot.  Further, Respondents argue that Petitioner should not be released under Zadvydas because his continued detention is due to his own actions in resisting removal.

## DISCUSSION

**A.    Standard of Review**

Title 28 of the United States Code, section § 2241 provides in pertinent part:

> (a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions ...

> (c) The writ of habeas corpus shall not extend to a prisoner unless ... (3) he is in custody in violation of the Constitution or the laws or treaties of the United States.

The Supreme Court has held that habeas corpus proceedings are available to aliens who challenge post-removal-period detention.  See Zadvydas v. Davis, 533 U.S. 678, 688 (2001).  The Immigration and Nationality Act § 241(a)(2) provides that the government has a ninety-day "removal period" to remove an alien

3

ordered removed from the United States.  The removal period begins on the latest of the following: (1) the date the order of removal becomes administratively final; or (2) if the removal order is judicially reviewed and if a court orders a stay of the removal, the date of the court's final order; or (3) if the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement. See 8 U.S.C. § 1231(a)(1)(B).

In Zadvydas, the Supreme Court held that aliens may be held under § 241(a)(6) for a presumptively valid period of six months. See Zadvydas, 533 U.S. at 701.  Also, the Supreme Court articulated the following standard for federal courts considering petitions for habeas corpus under § 241 of the INA:

> [T]he habeas court must ask whether the detention in question exceeds a period reasonably necessary to secure removal. It should measure reasonableness primarily in terms of the statute's basic purpose, namely, assuring the alien's presence at the moment of removal. Thus, if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute.

Zadvydas, 533 U.S. at 699-700.  Under Zadvydas, to effectuate release from confinement after the presumptively valid period of six months, a petitioner has the burden to show "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." Id. at 701.  Once the alien shows good reason to believe there is no significant likelihood of removal in the reasonably foreseeable future, the Government

4

must "respond with evidence sufficient to rebut that showing."
Id. If removal is not reasonably foreseeable, the court should
deem the petitioner's detention unlawful and release the alien
subject to conditions and supervision. See id. at 700.

**B.   Petitioner's Request is Moot.**

As noted by Respondents, Petitioner is not being held in ICE
custody. Therefore, his request that this Court direct ICE to
release him is moot. Federal courts are not empowered to decide
moot issues. See U.S. Const. art. III, § 2, cl. 1.; Doe v. Delie,
257 F.3d 309, 313 (3d Cir. 2001)(citing North Carolina v. Rice,
404 U.S. 244, 246 (1971)). To avoid mootness, a controversy must
exist at all stages of review. See id. (citing New Jersey
Turnpike Auth. V. Jersey Central Power & Light, 772 F.2d 25, 31
(3d Cir. 1985)). "Mootness has two aspects:  (1) the issues
presented are no longer 'live' or (2) the parties lack a
cognizable interest in the outcome." Id. (quoting New Jersey
Turnpike Auth., 772 F.2d at 31). In the instant case, because
the issues are no longer "live" and because a controversy no
longer exists, see Spencer v. Kemna, 523 U.S. 1, 7 (1998), the
issues raised in the instant petition are moot.

**C.   Petitioner Has Not Cooperated.**

Alternatively, Petitioner's request must be denied on its
merits. In this case, Petitioner's final order of removal was
entered on October 5, 2010, and Petitioner has been detained

longer than the presumptive valid period of six months set forth by the Supreme Court.  See Zadvydas, 533 U.S. at 701.  Since the presumptively valid period of detention has expired, Petitioner may be released upon a showing that there is no significant likelihood of removal in the reasonably foreseeable future.

Respondents argue Petitioner's detention is lawful under 8 U.S.C. § 1231, as he remains in detention because of his own failure to cooperate with the removal procedures.  Respondents contend that although they attempted to remove him less than two months after his removal order became final, Petitioner has "violently and repeatedly resisted removal from the United States, [and] the Court should not reward him by granting him freedom in the United States."  (Answer, p. 8).

Aliens awaiting deportation pursuant to 8 U.S.C. § 1231 may remain detained for an extended period of time if the alien "conspires or acts to prevent the alien's removal subject to an order of removal."  8 U.S.C. § 1231(a)(1)(C).  This Court finds that Petitioner has failed to cooperate with his removal, and has not met his burden of showing that there is no significant likelihood of removal in the reasonably foreseeable future.  In fact, the record shows that Petitioner has been brought to the airport twice in attempts to remove him.  An alien cannot convincingly argue that there is no significant likelihood of removal in the reasonably foreseeable future "if the detainee

controls the clock." <u>Joseph v. Chertoff</u>, 2006 WL 1722593 (citing <u>Pelich v. INS</u>, 329 F.3d at 1060). Here, Petitioner is controlling the clock. It is because of Petitioner's actions that he was not removed. <u>See also</u> <u>Pierre v. Weber</u>, 2010 WL 1373710, at *4 (D.N.J. Mar. 31, 2010) (holding that "it would be anomalous to suggest that an alien's frustration of the government's efforts to remove him would reward the alien with release from custody if the alien is persistent enough to keep his thwarting activities for a period exceeding <u>Zadvydas</u>' six months").

This Court recognizes that Petitioner is currently being held for the criminal case. However, it is clear that his eventual removal from the United States is likely. As such, the petition for a writ of habeas corpus must be denied.[1]

---

[1] This Court notes that Petitioner filed an application to supplement the petition (docket entry 11). In that application, which was considered by this Court, Petitioner cites to <u>Diop v. ICE/Homeland Security</u>, 656 F.3d 221 (3d Cir. 2011) for the proposition that he is entitled to a bond hearing. However, here, Petitioner is being held by the Marshals, not ICE. Nevertheless, since Petitioner is subject to a final order of removal, <u>Diop</u> would not apply.

## <u>CONCLUSION</u>

For the reasons stated, Petitioner's petition for a writ of habeas corpus is denied.  An appropriate Order accompanies this Opinion.

s/William J. Martini

_____
WILLIAM J. MARTINI
United States District Judge

Dated: 2/6/12

8